**PAOLO SIVIA, MOENOA SIVIA, and PAOLO FAMILY,
Appellants**

**v.**

**UTU SINAGEGE and UTU FAMILY, Appellees**

High Court of American Samoa
Appellate Division

AP No. 26-92
(LT No. 45-90)

April 5, 1994

Before RICHMOND, Associate Justice, CANBY,* Acting Associate
Justice, MUNSON,** Acting Associate Justice, VAIVAO, Associate
Judge, BETHAM, Associate Judge.

Counsel: For Appellants, Togiola T.A. Tulafono
 For Appellees, Fainu`ulelei L.F. Ala`ilima-Utu

RICHMOND, Justice:

On November 10, 1993, oral arguments were heard in the appeal of the
October 28, 1993, decision of the trial court. This decision found that the
land at issue belonged to appellee Utu family and enjoined appellants from
further construction on that land.

■ In reviewing a decision of the Land and Titles Division or the Trial
Division, the Appellate Division utilizes a "clear error" standard.
A.S.C.A. § 43.0801(b); T.C.R.C.P. 52(a); *see Moea`i v. Alai`a*, 12
A.S.R.2d 91, 92 (App. Div. 1989); *Tuileata Family v. Amituana`i*, 8
A.S.R.2d 173, 175 (App. Div. 1988). This standard of review applies to
the lower court's evaluation of witnesses' credibility. *Moea`i*, 12
A.S.R.2d at 92 (quoting T.C.R.C.P. 52(a)); *National Pac. Ins. Co. v.
Oto*, 3 A.S.R.2d 94, 94-95 (App. Div. 1986). When conflicting testimony
has been presented, "believ[ing] the witnesses favoring the appellee and
disbelieving those favoring the appellant . . . is the prerogative of the trial
court which saw and heard the witnesses." *National Pac. Ins.*, 3
A.S.R.2d at 94.

Appellants' arguments essentially consisted of asserting that their witnesses

---

* Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the Ninth
Circuit, serving by designation of the Secretary of the Interior.

** Alex R. Munson, Judge, United States District Court for the Northern Mariana Islands,
serving by designation of the Secretary of the Interior.

19

and not appellees' witnesses should be believed, as well as claiming that landmarks and construction on the land supported their ownership claim. However, these arguments only dispute the trial court's evaluation of the evidence. Determining the credibility and weight of the evidence is the function of the trial court, and its findings were amply supported by the evidence. Therefore, the decision of the Land and Titles Division is affirmed.

It is so ordered.